[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of the marriage of the parties, who were married on April 30, 1979 and have one minor child, David Rapuano, who was born on October 13, 1987. Trial commenced on May 23, 2002, and evidence was reopened when the plaintiff learned that the defendant had an active worker's compensation case which had not been disclosed. The court heard the evidence and evaluated the demeanor and credibility of the parties. The court has considered the statutory criteria of 46b-56, 56a, 56b, 62, 81, 82, and 84 as well as relevant case law. Based upon all these considerations, the court enters the following orders.
During the lengthy separation, the husband made minimal contributions to the wife's expenses. His earnings have historically been substantial. In 2000, he made approximately $90,000.00, and in 2001 he made approximately $72,000.00. At the time of the hearing, he was unemployed. He has some physical problems. Despite these problems and his unemployment, he has an earning capacity of $72,000.00 per year.
1. The marriage of the parties, having broken down irretrievably, is dissolved.
2. The wife will have sole legal and primary residential custody of the minor child, subject to reasonable visitation.
3. The husband will pay the wife $165.00 per week as child support until the minor child reaches the age of eighteen or graduates from high CT Page 10460 school, whichever is later, but not past the child's nineteenth birthday. This figure is consistent with the child support guidelines. He will pay 50.75% of any unreimbursed medical, dental, orthodontic, psychological, psychiatric, or other medical bills after the first $100.00 per year. He will repay the wife $167.50 for the sums she has spent on dental bills within ten days, and will contribute proportionately to that dental care, which is expected to cost a total of $3,750.00.
4. The husband will pay the wife the sum of $250.00 per week as periodic alimony for twelve years. Alimony will terminate on the death of either party or the wife's remarriage, and will be subject to a redetermination in accordance with the applicable statute in the event she cohabits. The term of alimony cannot be modified downward.
5. The husband shall transfer to the wife 66% of his pension assets through the Steamfitters Union Pension listed on his financial affidavit by Qualified Domestic Relations Order, which shall be prepared by the wife's counsel or his designee. He shall transfer to her by Qualified Domestic Relations order the sum of one half of the annuity listed on his financial affidavit, but not less than $12,100.00.
6. The husband shall pay the wife $2,000.00 as attorneys fees.
7. The husband will maintain the wife as the sole beneficiary of his life insurance policy so long as he has an obligation for support under this judgment, and shall maintain that policy in effect even if that requires him to exercise COBRA rights in the event that he ceases to be eligible for the policy by virtue of a change in his employment.
8. The husband shall pay all sums due under the May 9, 2002 order of the court and shall otherwise comply with that order.
9. The wife will maintain the child on health insurance through her employer. Judgment will enter accordingly.
BY THE COURT,
GRUENDEL, J.